IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MIA LEWIS, on behalf of SHAWN BOOKER,  )
a minor , and PERRISH LEWIS,            )
                                        )    No. 08 C 912
          Plaintiffs,                   )
                                        )    Judge Bucklo
     v.                                 )
                                        )    Magistrate Judge Denlow
OFFICER MATHEWS #3698,OFFICER CIOCCI     )
#12914, OFFICER MACIAS #5344,OFFICER     )    Jury Demand
CAMPAGNA #4222, OFFICER YOUNG #17931,    )
OFFICER BORUM #11195, OFFICER GALLAS     )
 #17815, OFFICER CAPIAK #8766, and the   )
CITY OF CHICAGO,                         )
                                        )
          Defendants.                   )

## DEFENDANTS' ANSWER, 12(b)(6) DEFENSES, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendant City of Chicago ("City") and Defendants Haven Matthews, Vincent Ciocci,

Alfonso Macias, James Campagna, Kenneth Young, Jr., Darren Borum, Robert Gallas and

Robert Capiak (eight individuals collectively referred to as "Defendant Officers")(Defendant

Officers and City collectively referred to as "Defendants"), by their attorney, Kathleen Manion,

Assistant Corporation Counsel of the City of Chicago, make the following answer, 12(b)(6)

defense, affirmative defenses and jury demand in response to Plaintiffs' Complaint at Law

("Complaint").

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §
1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States;
and this Court's supplementary [*sic*] jurisdiction powers.

**ANSWER:**    Defendants admit the jurisdiction of the Court over Plaintiffs' federal

claims is invoked pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and jurisdiction of the

Court over Plaintiffs' state claims is invoked pursuant to 1343(a)(3) and the Court's

supplemental jurisdiction powers.  Defendants deny that the United States Constitution provides

Plaintiffs with a direct cause of action.

## **PARTIES**

2.    PLAINTIFF SHAWN BOOKER, a juvenile, is a resident of the State of Illinois and of
the United States.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph.


3.    PLAINTIFF PERRISH LEWIS is a resident of the State of Illinois and of the United
States.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph.


4.    The DEFENDANT OFFICERS were, at all times relevant hereto, employed by and acting
on behalf of the CITY OF CHICAGO.

**ANSWER:**    Defendants admit the named Defendant Officers were, at all times relevant

to Plaintiffs' complaint, employed by and acting on behalf of the City.  Defendants are without

knowledge or information sufficient to form a belief as to the truth of the remainder of the

allegations of this paragraph.


5.    The CITY OF CHICAGO is a duly incorporated municipal corporation and is the
employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or
employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein).  At all
times material to this complaint, the DEFENDANT OFFICERS were acting under color of state
law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**ANSWER:**    Defendants admit that the City of Chicago is a municipal corporation

organized under the laws of the State of Illinois and was, at all times relevant to Plaintiffs'

Complaint, an employer of the named Defendant Officers.  Defendants further admit that, at all

times relevant to Plaintiffs' Complaint, the named Defendant Officers were acting under color of

law.  Defendants are without knowledge or information sufficient to form a belief as to the truth

of the remainder of the allegations of this paragraph.

## **FACTS**

6.      On or about January 4, 2007, some or all of the DEFENDANT OFFICERS were engaged
in an unreasonable seizure of the PLAINTIFFS.  This conduct violated the Fourth Amendment to
the United States Constitution.

        **ANSWER:**    Defendant Officers deny, and Defendant City denies on information and

belief, the allegations of this paragraph.


7.      On or about January 4, 2007, PLAINTIFFS did not obstruct justice, resist arrest and/or
batter and/or assault any of the DEFENDANT OFFICERS.

        **ANSWER:**    Defendant Officers deny, and Defendant City denies on information and

belief, the allegations of this paragraph.


8.      The show of force initiated by and/or the failure to intervene in the use of said force by
the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFFS.

        **ANSWER:**    Defendant Officers deny, and Defendant City denies on information and

belief, the allegations of this paragraph.


9.      The DEFENDANT OFFICERS charged and/or participated in the charging of
PLAINTIFFS with criminal activity, and arrested, participated in the arrest and/or failed to
prevent the arrest of the PLAINTIFFS notwithstanding the fact that the DEFENDANT
OFFICERS failed to observe and/or learn that PLAINTIFFS had committed criminal activity of
any sort.  The DEFENDANT OFFICERS did not have probable cause to believe that criminal

activity took place relative to the PLAINTIFFS.

**ANSWER:**     Defendant Officers admit, and Defendant City admits on information and

belief, that Defendants Matthews, Ciocci, Borum, Young, Campagna and Macias participated in

the arresting of Plaintiffs, and that Defendant Matthews charged Plaintiff Booker with criminal

activity as a juvenile and Plaintiff Lewis as a misdemeanor offender.  Defendant Officers deny,

and Defendant City denies on information and belief, the remainder of the allegations of this

paragraph.


10.     On January 4, 2007, PLAINTIFFS had not committed an act contrary to the laws of the
State of Illinois.

**ANSWER:**     Defendant Officers deny, and Defendant City denies on information and

belief, the allegations of this paragraph.


11.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the
DEFENDANT OFFICERS, PLAINTIFFS were caused to suffer damages.

**ANSWER:**     Defendant Officers deny, and Defendant City denies on information and

belief, the allegations of this paragraph.


12.     On or about January 4, 2007, the DEFENDANT OFFICERS were on duty at all times
relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO.
The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course
and scope of employment and while on duty.  This action is being brought with regard to the
individual capacity of the DEFENDANT OFFICERS.

**ANSWER:**     Defendants admit that, at all times relevant to Plaintiffs' Complaint,  the

named Defendant Officers were on duty and were acting within the course and scope of their

employment as duly appointed police officers for the City of Chicago.  Defendants further admit

that Plaintiffs purport to sue Defendant Officers in their individual capacities.  Defendant

Officers deny, and Defendant City, on information and belief, denies, the remaining allegations

and complained of conduct contained in this paragraph.

13.    Upon information and belief, OFFICER MATTHEWS #3698, on January 4, 2007, came
into physical contact with PLAINTIFFS.

     **ANSWER:**    Defendant Matthews admits the allegations contained in this paragraph.

Defendants Young and Borum admit that Defendant Matthews came in contact with Plaintiff

Booker, and further admit, on information and belief, that Defendant Matthews came into contact

with Defendant Lewis.  The remaining Defendants admit, on information and belief, the

allegations of this paragraph.

14.    Upon information and belief, OFFICER CIOCCI #12914, on January 4, 2007, came into
physical contact with PLAINTIFFS.

     **ANSWER:**    Defendant Ciocci admits, and the remaining Defendants admit on

information and belief, Officer Ciocci had incidental contact with Plaintiff Booker while

escorting Plaintiff Booker to the hospital.  Defendant Ciocci denies, and the remaining

Defendants deny on information and belief, the remainder of the allegations of this paragraph.

15.    Upon information and belief, OFFICER MACIAS #5344, on January 4, 2007, came into
physical contact with PLAINTIFFS.

     **ANSWER:**    Defendant Macias denies, and the remaining Defendants deny on

information and belief, the allegations of this paragraph.

16.    Upon information and belief, OFFICER CAMPAGNA #4222 [*sic*] on January 4, 2007,
came into physical contact with PLAINTIFFS.

**ANSWER:**    Defendant Campagna denies, and the remaining Defendants deny on

information and belief, the allegations of this paragraph.

17.    Upon information and belief, OFFICER YOUNG # 17931, on January 4, 2007, came into physical contact with PLAINTIFFS.

**ANSWER:**    Defendant Young denies, and the remaining Defendants deny on

information and belief, the allegations of this paragraph.

18.    Upon information and belief, OFFICER BORUM #11195, on January 4, 2007, came into physical contact with PLAINTIFFS.

**ANSWER:**    Defendant Borum denies, and the remaining Defendants deny on

information and belief, the allegations of this paragraph.

19.    Upon information and belief, OFFICER GALLAS #17815, on January 4, 2007, came into physical contact with PLAINTIFFS.

**ANSWER:**    Defendant Gallas admits, and the remaining Defendants admit on

information and belief, Officer Gallas had incidental contact with Plaintiff Booker while

escorting Plaintiff Booker to the hospital.  Defendant Gallas denies, and the remaining

Defendants deny on information and belief, the remainder of the allegations of this paragraph.

20.    Upon information and belief, OFFICER CAPIAK #87662, on January 4, 2007, came into physical contact with PLAINTIFFS.

**ANSWER:**    Defendant Capiak denies, and the remaining Defendants deny on

information and belief, the allegations of this paragraph.

## CONSPIRACY

21.    Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFFS in the following manner:

   a.  agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFFS;

   b.  using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFFS;

   c.  agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFFS;

   d.  agreeing not to report each other after falsely arresting and/or charging PLAINTIFFS;

   e.  generating false documentation to cover-up for their own and each other's misconduct;

   __ANSWER:__  Defendant Officers deny, and Defendant City denies on information and

belief, the allegations of this paragraph, including sub-paragraphs (a) through (e).


22.    In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about January 4, 2007, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above.  As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFFS to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorney's lees, and suffer emotionally.

   __ANSWER:__  Defendant Officers deny, and Defendant City denies on information and

belief, the allegations of this paragraph.


## EQUAL PROTECTION CLASS-OF-ONE

23.    The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFFS, demonstrate that the DEFENDANT OFFICERS failed in their duty to

enforce the laws equally and fairly towards the PLAINTIFFS, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

> **ANSWER:** Defendant Officers deny, and Defendant City denies on information and

belief, the allegations of this paragraph.

24.    With regard to an Equal Protection Claim, PLAINTIFFS were a "Class of One." In that regard, PLAINTIFFS were treated with ill will and/or discriminated against with no rational basis. PLAINTIFFS were intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFFS differently and trying to cause further injury to PLAINTIFFS by generating false evidence against PLAINTIFFS. Further, PLAINTIFFS were similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against the DEFENDANT OFFICERS.

> **ANSWER:** Defendant Officers deny, and Defendant City denies on information and

belief, the allegations of this paragraph.

### *MONELL* ALLEGATIONS

25.    It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions:

>    a.    generate false documentation to cover-up for the misconduct of fellow police officers;

>    b.    engage in acts of false arrest, malicious prosecution, misrepresentation of facts significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

>    c.    fail to properly discipline officers from said police department who have committed act(s) of false arrest, malicious prosecution, misrepresentation of facts significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

>    d.    fail to properly investigate a complaint of false arrest, malicious prosecution, misrepresentation of facts significant intrusions to the body of

innocent citizens, excessive force, and/or serious acts of violence perpetrated by a CITY OF CHICAGO police officer upon another;

e.  fail to take proper remedial action against a CITY OF CHICAGO police officer once it is determined that an act of false arrest, malicious prosecution, misrepresentation of facts significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence has been committed by said officer upon another;

f.  allow misconduct to occur in various types and severity such that police officers believe that they can engage in false arrest, malicious prosecution, misrepresentation of facts significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence without repercussions and/or significant repercussions;

g.  fail to provide adequate sanctions/discipline to officers who commit false arrest, malicious prosecution, misrepresentation of facts significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h.  fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, malicious prosecution, misrepresentation of facts significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

i.  fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

j.  fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

k.      fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, malicious prosecution, misrepresentation of facts significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

1.      fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

m.      fail to properly investigate officers who commit acts of false arrest, malicious prosecution, misrepresentation of facts significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

n.      fail to take proper remedial action with officers who commit acts of false arrest, malicious prosecution, misrepresentation of facts significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

o.      fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of false arrest, malicious prosecution, misrepresentation of facts significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, and violating the rules, policies and procedures of the CITY OF CHICAGO police department.

**ANSWER:**     Defendants deny the allegations of this paragraph, including sub-

paragraphs (a) through (o).


26.     This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF CHICAGO for a significant period of time, so much so, that police officers

-10-

for the CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF CHICAGO police department in order to permit said conduct to re-occur.

      **ANSWER:**    Defendants deny the allegations of this paragraph.


27.     A code of silence exists between officers of the Defendant Municipality.  This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct).  This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

      **ANSWER:**    Defendants deny the allegations of this paragraph.


## COUNT I
### §1983 Excessive Force

28.     PLAINTIFFS re-alleges paragraphs 1 – 27 as though fully set forth herein.

      **ANSWER:**    Defendants re-allege their answers to paragraphs 1 - 27 as though fully set

forth herein.


29.     The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFFS.  This conduct violates the Fourth Amendment of the United States Constitution.

      **ANSWER:**    Defendant Officers deny, and Defendant City denies on information and

belief, the allegations of this paragraph.


30.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

      **ANSWER:**    Defendant Officers deny, and Defendant City denies on information and

belief, the allegations of this paragraph.

## COUNT II
### §1983 False Arrest

31.    PLAINTIFFS re-alleges paragraphs 1 – 27 as though fully set forth herein.

    **ANSWER:**    Defendants re-allege their answers to paragraphs 1 - 27 as though fully set

forth herein.

32.    The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFFS
without probable cause to believe that PLAINTIFFS committed criminal activity.  Therefore, the
conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the
United States Constitution.

    **ANSWER:**    Defendant Officers deny, and Defendant City denies on information and

belief, the allegations of this paragraph.

33.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and
proximate cause of the Constitutional violations set forth above.

    **ANSWER:**    Defendant Officers deny, and Defendant City denies on information and

belief, the allegations of this paragraph.

## COUNT III
### False Arrest – State Claim

34.    PLAINTIFF SHAWN BOOKER re-alleges paragraphs 1 – 27 as though fully set forth
herein.

    **ANSWER:**    Defendants re-allege their answers to paragraphs 1 - 27 as though fully set

forth herein.

35.     The DEFENDANT OFFICERS arrested PLAINTIFF SHAWN BOOKER without

probable cause to believe that PLAINTIFF SHAWN BOOKER committed criminal activity.  The

conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of

Illinois as well as Illinois law.

    **ANSWER:**    Defendant Officers deny, and Defendant City denies on information and

belief, the allegations of this paragraph.


36.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and
proximate cause of the violations set forth above.

    **ANSWER:**    Defendant Officers deny, and Defendant City denies on information and

belief, the allegations of this paragraph.

**COUNT IV**
**Battery – State Claim**

37.     PLAINTIFF SHAWN BOOKER re-alleges paragraphs 1 – 27 as though fully set forth
herein.

    **ANSWER:**    Defendants re-allege their answers to paragraphs 1 - 27 as though fully set

forth herein.


38.     The DEFENDANT OFFICERS struck PLAINTIFF SHAWN BOOKER intentionally,
without consent and without justification.

    **ANSWER:**    Defendant Officers deny, and Defendant City denies on information and

belief, the allegations of this paragraph.

39.    The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

   **ANSWER:**    Defendant Officers deny, and Defendant City denies on information and

belief, the allegations of this paragraph.


40.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and
proximate cause of the violations set forth above.

   **ANSWER:**    Defendant Officers deny, and Defendant City denies on information and

belief, the allegations of this paragraph.

## COUNT V
## Malicious Prosecution – State Claim

41.    PLAINTIFFS re-alleges paragraphs 1 – 27 as though fully set forth herein.

   **ANSWER:**    Defendants re-allege their answers to paragraphs 1 - 27 as though fully set

forth herein.


42.    The DEFENDANT OFFICERS alleged that PLAINTIFFS violated the laws of the State
of Illinois.  These allegations commenced or continued a criminal proceeding against
PLAINTIFFS.

   **ANSWER:**    Defendant Officers deny, and Defendant City denies on information and

belief, the allegations of this paragraph.


43.    The DEFENDANT OFFICERS engaged in this effort without probable cause.

   **ANSWER:**     Defendant Officers deny, and Defendant City denies on information and

belief, the allegations of this paragraph.

44.     The underlying criminal charges were ultimately resolved in favor of PLAINTIFFS.

    **ANSWER:**     Defendants admit, according to Circuit Court of Cook County records, that the criminal case against Perrish Lewis was stricken with leave to reinstate.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

45.     The underlying criminal charges were resolved in a manner indicative of innocence.

    **ANSWER:**     Defendants admit, according to Circuit Court of Cook County records, that the criminal case against Perrish Lewis was stricken with leave to reinstate.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

46.     The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

    **ANSWER:**     Defendant Officers deny, and Defendant City denies on information and belief, the allegations of this paragraph.

## COUNT VI
## §1983 Conspiracy Claim

47.     PLAINTIFFS re-allege paragraphs 1 – 27 as though fully set forth herein.

    **ANSWER:**     Defendants re-allege their answers to paragraphs 1 - 27 as though fully set forth herein.

48.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

-15-

**ANSWER:**    Defendant Officers deny, and Defendant City denies on information and belief, the allegations of this paragraph.

## COUNT VII
### §1983 Conspiracy Claim – State Law

49.    PLAINTIFF SHAWN BOOKER re-allege paragraphs 1 27 as though fully set forth herein.

**ANSWER:**    Defendants re-allege their answers to paragraphs 1 - 27 as though fully set forth herein.

50.    The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

**ANSWER:**    Defendant Officers deny, and Defendant City denies on information and belief, the allegations of this paragraph.

## COUNT VIII
### § 1983 Equal Protection – Class of One

51.    PLAINTIFFS re-alleges paragraphs 1 – 27 as though fully set forth herein.

**ANSWER:**    Defendants re-allege their answers to paragraphs 1 - 27 as though fully set forth herein.

52.    The actions of THE DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

**ANSWER:**    Defendant Officers deny, and Defendant City denies on information and belief, the allegations of this paragraph.

53.    The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

-16-

**ANSWER:**     Defendant Officers deny, and Defendant City denies on information and belief, the allegations of this paragraph.

## COUNT IX – *Monell*

54.     PLAINTIFFS re-alleges paragraphs 1 – 27 as though fully set forth herein.

**ANSWER:**     Defendants re-allege their answers to paragraphs 1 - 27 as though fully set forth herein.

55.     As a direct and proximate result of the aforementioned acts and omissions by Defendant CITY OF CHICAGO there existed a custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF CHICAGO in which officers were not held accountable for their wrongful and/or illegal acts.

**ANSWER:**     Defendants deny the allegations of this paragraph.

56.     Said custom, practice, policy, and/or pattern of the CITY OF CHICAGO encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of the OFFICERS.

**ANSWER:**     Defendants deny the allegations of this paragraph.

57.     As a direct and proximate result of said custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF CHICAGO, PLAINTIFFS  were injured in a personal and pecuniary manner.

**ANSWER:**     Defendants deny the allegations of this paragraph.

## COUNT X
### 745ILCS 10/9-102 Claim Against the CITY OF CHICAGO

58.     PLAINTIFFS re-alleges paragraphs 1 – 27 as though fully set forth herein.

**ANSWER:**     Defendants re-allege their respective answers to paragraphs 1 - 27 as though fully set forth herein.

-17-

59.     Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

**ANSWER:**     Defendants admit the City is an employer of the named Defendant

Officers.

60.     The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

**ANSWER:**     Defendants admits the named Defendant Officers acted under color of law

and in the scope of their employment at all times relevant to this complaint.  Defendants deny, as

those denials are asserted in their respective answers to the allegations of this Complaint, the

remaining allegations and complained of conduct set forth in this paragraph.

## COUNT XI
## Supplementary [*sic*] Claim for *Respondent Superior*

61.     PLAINTIFFS re-allege paragraphs 1 – 27 as though fully set forth herein.

**ANSWER:**     Defendants re-allege their answers to paragraphs 1 - 27 as though fully set

forth herein.

62.     The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

**ANSWER:**     Defendants admit the Defendant Officers were acting within the scope of

their employment for the Defendant City of Chicago at all times relevant to Plaintiffs' complaint.

The allegations that the "[City], as principal, is liable for the actions of its agents under the

doctrine of *respondeat superior,"* is a vague, incomplete and/or inaccurate statement of the

City's liability under this doctrine; therefore, this allegation is denied.

-18-

**WHEREFORE,** Defendants pray that this Court enter judgment in their favor on Plaintiffs' Complaint, award Defendants costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### 12(b)(6) DEFENSES

### FIRST 12(B)(6) DEFENSE:
### STATUTE OF LIMITATIONS ON STATE CLAIMS

The statue of limitations for any claim under Illinois state law that Plaintiffs are attempting to plead is one year. 745 ILCS 10/8-101 (West 2006). To the extent that Plaintiffs' claims under state law accrued more than one year prior to the filing of this complaint against the Defendant Officers and the City, those claims are time barred and should be dismissed.

### SECOND 12(b)(6) DEFENSE:
### FAILURE TO STATE A CLAIM FOR CONSPIRACY

To the extent Plaintiffs are claiming that Defendants conspired to violate Plaintiffs' constitutional rights or any related state claims, Plaintiff fails to state of cause of action for damages.

### THIRD 12(b)(6) DEFENSE:
### FAILURE TO STATE A CLAIM FOR EQUAL PROTECTION

To the extent Plaintiffs are claiming that Defendants violated their rights to equal protection of the laws, Plaintiff fails to state a claim under the Equal Protection Clause.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:
### QUALIFIED IMMUNITY

Defendant Officers are government officials, namely a police officers, who performed discretionary functions.  At all times material to the events alleged in Plaintiffs' Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted each respective Defendant Officer could have believed his actions to be lawful, in light of clearly established law and the information that the respective Defendant Officer possessed.  Defendant Officers, therefore, are entitled to qualified immunity.

### SECOND AFFIRMATIVE DEFENSE:
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-201

As to all state law claims, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because the decision to arrest Plaintiffs was based upon the information and circumstances known to Defendant Officers at the time, and was a discretionary decision for which he is immune from liability.  745 ILCS 10/2-201 (West 2002).

### THIRD AFFIRMATIVE DEFENSE:
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-202

Defendant Officers were working as police officers at the time of this incident. Therefore, as to all claims, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct.  745 ILCS 10/2-202 (West 2006).

## FOURTH AFFIRMATIVE DEFENSE:
## STATE TORT IMMUNITY ACT 745 ILCS 10/2-204

Defendant Officers are not liable for any of Plaintiffs' alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person.  745 ILCS 10/2-204 (West 2006).

## FIFTH AFFIRMATIVE DEFENSE:
## STATE TORT IMMUNITY ACT 745 ILCS 10/2-208

Under Illinois Tort immunity law, Defendant Officers are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acted maliciously and without probable cause.  745 ILCS 10/2-208 (West 2006).

## SIXTH AFFIRMATIVE DEFENSE:
## STATE COMPARATIVE AND CONTRIBUTORY NEGLIGENCE LAW

That any injuries or damages claimed by the Plaintiffs against Defendants were caused, in whole or in part, by negligent, wilful and wanton, and intentional conduct of the Plaintiffs.  Even if Defendants were liable in damages, the total amount of damages to which Plaintiffs would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, wilful and wanton and intentional conduct of Plaintiffs which were the proximate cause of their injuries.  In addition, at the time of the actions alleged in Plaintiffs' Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2006) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

## SEVENTH AFFIRMATIVE DEFENSE:
## MITIGATION OF DAMAGES

To the extent Plaintiffs failed to mitigate any of their respective claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs have a duty to mitigate their damages, commensurate with the degree of failure to mitigate attributed to the respective Plaintiffs by a jury in this case.

## EIGHTH AFFIRMATIVE DEFENSE:
## JUSTIFIED USE OF FORCE

Defendant Officers were justified in the use of force against Plaintiffs because they reasonably believed it was necessary to effect the arrest on Plaintiffs and to defend himself or another against Plaintiffs' imminent use of unlawful force.  720 ILCS 5/7-5 (West 2006).

## NINETH AFFIRMATIVE DEFENSE:
## PUNITIVE DAMAGES

Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly by the injured party or a third party. 745 ILCS 10/2-102 (West 2006).

## TENTH AFFIRMATIVE DEFENSE:
## PUNITIVE DAMAGES

One basis for liability against the City is a claim for indemnity.  745 ILCS 10/9-102.  If the Defendant Officers are found not liable to the Plaintiffs, the City is not liable to the Plaintiffs. 745 ILCS 10/2-109.

## JURY DEMAND

The Defendants, City of Chicago, Haven Matthews, Vincent Ciocci, Alfonso Macias,

James Campagna, Kenneth Young, Jr., Darren Borum, Robert Gallas and Robert Capiak,

hereby respectively demand a jury trial for all issues so triable.


**DATED: MAY 15, 2007**

> **Respectfully submitted,**
> **CITY OF CHICAGO,**
> **HAVEN MATTHEWS,**
> **VINCENT CIOCCI,**
> **ALFONSO MACIAS,**
> **JAMES CAMPAGNA,**
> **KENNETH YOUNG, JR.,**
> **DARREN BORUM**
> **ROBERT GALLAS and**
> **ROBERT CAPIAK,**

BY THEIR ATTORNEY:     /s/ Kathleen D. Manion
                        KATHLEEN D. MANION
                        Assistant Corporation Counsel

30 N. LaSalle, Ste. 1020
Chicago, Illinois  60602
(312) 742-9866

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MIA LEWIS, on behalf of SHAWN BOOKER,   )
a minor, and PERRISH LEWIS,   )
            )   No. 08 C 912
      Plaintiffs,   )
            )   Judge Bucklo
     v.   )
            )   Magistrate Judge Denlow
OFFICER MATHEWS, et al.,   )
            )   Jury Demand
      Defendants.   )

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a copy of the foregoing **DEFENDANTS' ANSWER, 12(b)(6) DEFENSES, AFFIRMATIVE DEFENSES AND JURY DEMAND** was served upon all parties via CM/ECF electronic notice.

/s/ Kathleen D. Manion
Kathleen D. Manion
Assistant Corporation Counsel